UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Plaintiff,

    v.

MARENA DRLIK, et al.,

    Defendants.
_____/

No. C 12-6037 PJH

**ORDER REMANDING CASE**

Defendant Marena Drlik removed this case from the Superior Court of California, County of Alameda, on November 28, 2012, alleging federal question jurisdiction. The court has reviewed the notice of removal and the state court complaint, and finds that the case must be remanded for lack of subject matter jurisdiction.

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

The complaint at issue was filed in Alameda County Superior Court on August 3, 2012, by plaintiff Federal Home Loan Mortgage Corporation. The complaint alleges a single cause of action under state law, for unlawful detainer to recover possession of property located in Livermore, California, following a non-judicial foreclosure sale of the property on June 19, 2012. A copy of the Trustee's Deed Upon Sale is attached as an exhibit to the state court complaint. The complaint alleges that following the sale, former owners and defendants Marena Drlik and Louise (or Loise) Drlik were served with a 3-day Notice to Vacate Property, and that as of the date the complaint was filed, defendants remained in possession of the property.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331. Defendant asserts that "[f]ederal question jurisdiction exists because [d]efendants' drmurrer, a pleading depend [sic] on the determination of [d]efendant's rights and [p]laintiff's duties under federal law." Notice of Removal ¶ 10.

2

While defendant purports to remove the action under federal question jurisdiction by asserting claims or defenses based on federal law, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure §§ 1161a. As no federal question is raised in the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. See 28 U.S.C. § 1332(a). The complaint, which states on its face that the amount demanded "does not exceed $10,000," seeks restitution of the premises, and restitution at the rate of $46.73 per day (representing the unpaid fair rental value), from July 16, 2012 until rendition of judgment. Thus, the amount in controversy is not the assessed value or the sales value of the property, but rather the amount that plaintiff is seeking in restitution. If plaintiff prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00.

The court notes that the notice of removal is improper in two additional respects. First, assuming that defendants are California citizens, they cannot remove a case based on diversity jurisdiction, if the case was filed against them in a California state court. Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)). Second, when a civil action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Accordingly, as the court lacks subject matter jurisdiction, the action is hereby REMANDED to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: December 5, 2012

PHYLLIS J. HAMILTON
United States District Judge

3