**United States District Court**
For the Northern District of California

1

2                    UNITED STATES DISTRICT COURT

3                    NORTHERN DISTRICT OF CALIFORNIA

4

5    FEDERAL HOME LOAN MORTGAGE
6    CORPORATION,

7                    Plaintiff,                    No. C 12-6037 PJH

8          v.                                      **ORDER REMANDING CASE**

9    MARENA DRLIK, et al.,

10                   Defendants.
     _____/
11

12         Defendant Marena Drlik removed this case from the Superior Court of California,

13   County of Alameda, on November 28, 2012, alleging federal question jurisdiction.  The

14   court has reviewed the notice of removal and the state court complaint, and finds that the

15   case must be remanded for lack of subject matter jurisdiction.

16         Subject matter jurisdiction is fundamental and cannot be waived.  Billingsly v. C.I.R.,

17   868 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which

18   the Constitution and Congress authorize them to adjudicate – those involving diversity of

19   citizenship or a federal question, or those to which the United States is a party.

20   Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-

21   Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992)

22   (federal courts have no power to consider claims for which they lack subject-matter

23   jurisdiction).

24         A defendant may remove a civil action filed in state court if the action could have

25   originally been filed in federal court.  28 U.S.C. § 1441.  The removal statutes are

26   construed restrictively, however, so as to limit removal jurisdiction.  Shamrock Oil & Gas

27   Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty

28   Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

**United States District Court**
For the Northern District of California

1      The burden of establishing federal jurisdiction for purposes of removal is on the party

2  seeking removal.  <u>Valdez v. Allstate Ins. Co.</u>, 372 F.3d 1115, 1117 (9th Cir. 2004).  The

3  district court must remand the case if it appears before final judgment that the court lacks

4  subject matter jurisdiction.  28 U.S.C. § 1447(c); <u>Albingia Versicherungs A.G. v. Schenker</u>

5  <u>Int'l, Inc.</u>, 344 F.3d 931, 936 (9th Cir. 2003).

6      Subject matter jurisdiction is determined from the face of the complaint.  <u>Toumajian</u>

7  <u>v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal

8  question must appear on the face of the complaint"); <u>see also</u> <u>Caterpillar Inc. v. Williams</u>,

9  482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly

10  pleaded complaint); <u>Fifty Assocs. v. Prudential Ins. Co. of Am.</u>, 446 F.2d 1187, 1189-90

11  (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the

12  complaint).  Jurisdiction may not be based on a claim raised as a defense or a

13  counterclaim.  <u>K2 America Corp. v. Roland Oil & Gas, LLC</u>, 653 F.3d 1024, 1029 (9th Cir.

14  2011).

15      The complaint at issue was filed in Alameda County Superior Court on August 3,

16  2012, by plaintiff Federal Home Loan Mortgage Corporation.  The complaint alleges a

17  single cause of action under state law, for unlawful detainer to recover possession of

18  property located in Livermore, California, following a non-judicial foreclosure sale of the

19  property on June 19, 2012.  A copy of the Trustee's Deed Upon Sale is attached as an

20  exhibit to the state court complaint.  The complaint alleges that following the sale, former

21  owners and defendants Marena Drlik and Louise (or Loise) Drlik were served with a 3-day

22  Notice to Vacate Property, and that as of the date the complaint was filed, defendants

23  remained in possession of the property.

24      The notice of removal alleges no facts from which the court can find that it has

25  federal question jurisdiction under 28 U.S.C. § 1331.  Defendant asserts that "[f]ederal

26  question jurisdiction exists because [d]efendants' drmurrer, a pleading depend [sic] on the

27  determination of [d]efendant's rights and [p]laintiff's duties under federal law."  Notice of

28  Removal ¶ 10.

**United States District Court**
For the Northern District of California

1    While defendant purports to remove the action under federal question jurisdiction by

2  asserting claims or defenses based on federal law, the complaint itself does not raise any

3  federal statutory or constitutional provision as the basis for the unlawful detainer action.

4  Rather, the complaint alleges only a single claim under California Code of Civil Procedure

5  §§ 1161a.  As no federal question is raised in the complaint, there is no federal question

6  jurisdiction.

7    Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in

8  controversy is under $75,000.00.  See 28 U.S.C. § 1332(a).  The complaint, which states

9  on its face that the amount demanded "does not exceed $10,000," seeks restitution of the

10 premises, and restitution at the rate of $46.73 per day (representing the unpaid fair rental

11 value), from July 16, 2012 until rendition of judgment.  Thus, the amount in controversy is

12 not the assessed value or the sales value of the property, but rather the amount that

13 plaintiff is seeking in restitution.  If plaintiff prevails against defendant in the unlawful

14 detainer action, liability will not exceed $75,000.00.

15   The court notes that the notice of removal is improper in two additional respects.

16 First, assuming that defendants are California citizens, they cannot remove a case based

17 on diversity jurisdiction, if the case was filed against them in a California state court.

18 Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)).

19 Second, when a civil action is removed under § 1441(a), "all defendants who have been

20 properly joined and served must join in or consent to the removal of the action."  28 U.S.C.

21 § 1446(b)(2)(A).

22   Accordingly, as the court lacks subject matter jurisdiction, the action is hereby

23 REMANDED to the Alameda County Superior Court.

24

25 **IT IS SO ORDERED.**

26 Dated:  December 5, 2012

27                                                        _____
                                                           PHYLLIS J. HAMILTON
                                                           United States District Judge
28

3